*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
February 22, 2024

v

DENNIS RAY HOWARD,

Defendant-Appellant.

Nos. 361738; 361739
Ottawa Circuit Court
LC Nos. 21-044578-FC; 21-0445579-FC

Before: HOOD, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

In these consolidated appeals,[1] defendant appeals by right his jury trial convictions of one count of second-degree retail fraud, MCL 750.356d(4)(b), and one count of first-degree retail fraud, MCL 750.356c(2). The trial court sentenced defendant to serve 365 days in jail for the second-degree retail fraud conviction and, as fourth-offense habitual offender, MCL 769.12, to serve 42 to 120 months' imprisonment for his first-degree retail fraud conviction. We affirm.

## I. BACKGROUND

This case arises out of the theft of merchandise from Lowe's Home Improvement in Holland, Michigan, on December 23, 2020 and December 26, 2020. When store employees realized that items were missing, they found a hole cut into part of a fence in the outdoor garden center area of the store. Employees also found two tote boxes near the hole, one of which contained items that were missing from store shelves. Video surveillance evidence from the Lowe's security system from the dates of the crimes showed defendant enter the store, place merchandise in tote boxes inside of his shopping cart, push the cart to the garden center, and place the totes near the hole in the fence. The prosecutor's theory at trial was that defendant thereafter retrieved the items

---

[1] A panel of this Court consolidated these appeals "to advance the efficient administration of the appellate process." *People v Howard*, unpublished order of the Court of Appeals, entered June 15, 2022 (Docket Nos. 361738 and 361739).

from outside of the store in an area not covered by security cameras. Additional evidence established that defendant later advertised stolen items for sale on Facebook Marketplace.

## II. MRE 1006

The sole argument raised by defendant's appellate counsel is that the surveillance video was inadmissible pursuant to MRE 1006 because defendant was not given the opportunity to view all of the footage Lowe's had of defendant from the days in question. This argument is without merit.

Preserved evidentiary challenges are reviewed for abuse of discretion. *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes. A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id.* at 251-252 (quotation marks and citation omitted). A trial court's interpretation of the rules of evidence is reviewed de novo. *People v Edwards*, 328 Mich App 29, 34; 935 NW2d 419 (2019).

Resolution of this case requires interpretation and application of MRE 1006,[2] which, at the time of defendant's trial, provided:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

MRE 1006 does not apply because the evidence at issue in this case is not a summary of voluminous evidence. The video clips presented at trial constituted the entirety of the evidence. The employee from Lowe's viewed surveillance footage from the days in question and whittled the footage down to only what he believed to be relevant. The clips that were assembled by the employee were the evidence, and it comprised all of the video evidence turned over to the police. Everything that was given to the police was subsequently turned over to the defense. If the prosecution had obtained all of the footage that had been taken from the two days in question and

---

[2] The Michigan Rules of Evidence were amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, ___ Mich ___ (2023). As amended, MRE 1006 now provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

While noteworthy, these amendments are purely stylistic.

had themselves pulled excerpts or created a written summary, this analysis would be different. However, those are not the facts here. Because the prosecution turned over the entirety of the evidence they obtained, the fact that an Lowe's employee decided which footage was important pertained to weight rather than admissibility.

## III. STANDARD 4 BRIEF

In a Standard 4 brief,[3] defendant asserts that the detective and Lowe's asset protection employee "conspired to conceal evidence." Because this argument was not raised in the trial court, it is unpreserved,[4] and we review for plain error.[5] Defendant has failed to establish plain error because his claim is entirely without evidentiary support. Defendant mostly rehashes his argument that he should have been given an uncut version of the store's footage, but provides no basis upon which one could reasonably conclude that there was a conspiracy to conceal evidence. Defendant also provides no basis upon which to conclude that the outcome of the trial would have been different had he been given access to more footage because he offered no indication regarding what the footage would have contained. Defendant filed a motion to remand because "the present record does not provide sufficient support for" his claims of error, but his motion did not include an offer of proof.[6]

Affirmed.

/s/ Noah P. Hood
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

---

[3] See Administrative Order No. 2004-6, 471 Mich c, cii (2004).

[4] "A defendant must raise an issue in the trial court to preserve it for [this Court's] review." *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012).

[5] A plain error occurs if three requirements are "met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (citation omitted). Even if the three requirements are met, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763 (quotation marks, citation, and alteration omitted).

[6] Defendant's motion for remand also says that it is "for the purpose of an evidentiary hearing on his claim of ineffective assistance of counsel," but defendant did not raise a claim of ineffective assistance of counsel.